IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY SCOTT ELKINS,** | ) | Civil Action No. 7:12-cv-00431 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VIRGINIA, et al.,** | ) | By:   Hon. Michael F. Urbanski |
|     Respondents. | ) |         United States District Judge |

Jimmy Scott Elkins, a Virginia probationer proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the criminal judgment entered by the General District Court of Wise County. The Attorney General of Virginia filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the petition as time barred.

**I.**

The General District Court of Wise County sentenced petitioner on April 12, 2011, to a twelve-month suspended term of incarceration and an active sentence of twelve months' probation once released from custody at the Southwest Virginia Regional Jail.[1] Petitioner did not appeal the conviction.

On March 16, 2012, petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, with this court. Elkins v. Wise County, Va, No. 7:12-cv-00133 (W.D. Va. Mar. 23, 2012). See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule). Petitioner averred that he had not presented a habeas claim to either the Circuit Court of Wise County or the Supreme Court of Virginia, and the court dismissed the petition without prejudice on March 23, 2012, as

---

[1] Petitioner does not explain why he was at the Southwest Virginia Regional Jail, but he was released from custody and began serving the active term of probation on November 7, 2012. See, e.g., Jones v. Cunningham, 371 U.S. 236 (1963) (recognizing supervised release qualifies as "custody" for writs of habeas corpus).

unexhausted.  See 28 U.S.C. § 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973) (requiring a habeas petitioner to first present the claims to the highest applicable state court).

On May 11, 2012, petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia.  Petitioner noted in the petition that he had previously filed a state habeas petition in the Circuit Court of Wise County but did not receive a response from that court.  On August 9, 2012, the Supreme Court of Virginia dismissed the petition as successive, pursuant to Virginia Code 8.01-654(B)(2).

Petitioner filed the instant federal habeas petition on August 27, 2012, and avers that he had mailed a state habeas petition to the Circuit Court of Wise County that was never docketed and, consequently, was never adjudicated.[2]  Petitioner does not describe any other relevant information about the missing state habeas petition.

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation.  28 U.S.C. § 2244(d)(1).[3]  Generally, this period begins to run from the date on which the judgment of conviction becomes final.[4]  28 U.S.C. § 2244(d)(1)(A).  A conviction becomes final once the availability of direct review is exhausted.  United States v. Clay, 537 U.S. 522, 524 (2003).  The

---

[2] Respondent could not locate the petition allegedly filed in the Circuit Court of Wise County.  See R. Gov. § 2254 Cases 5(c) (requiring respondent to file relevant state court records).

[3] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

[4] Petitioner did not argue timeliness under subsections (B) through (D).

2

one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on April 22, 2011, when the time expired for petitioner to note an appeal from the General District Court of Wise County to the Circuit Court of Wise County. See VA. CODE § 16.1-132 (stating an appeal of a conviction entered by a general district court must be filed within ten days). Therefore, petitioner had until April 23, 2012, to timely file a federal habeas petition arguing claims already presented to the Supreme Court of Virginia.

Petitioner filed his state habeas petition with the Supreme Court of Virginia on May 11, 2012, 385 days after his conviction became final. Petitioner has not provided evidence or argument about when he allegedly filed a habeas petition in the Circuit Court of Wise County. Accordingly, petitioner fails to identify a "properly-filed" application for collateral review that would toll the statute of limitations, and the statute of limitations had already expired by the time petitioner filed the state habeas petition with the Supreme Court of Virginia in May 2012, and the instant federal habeas petition in August 2012.[5] See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that a state habeas petition cannot revive an already expired federal limitations period).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)

---

[5] Petitioner's prior, unexhausted federal habeas petition does not toll the statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an application for State post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore d[oes] not toll the limitation period during the pendency of [an unexhausted] first federal habeas petition.").

3

(en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).

Petitioner's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). The fact petitioner was transferred between various correctional facilities is not an extraordinary circumstance to warrant equitable tolling, especially since petitioner managed to file two petitions during that time. Accordingly, petitioner filed the federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

4

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

Entered: December 21, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge